IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-21012

_____

JOSEPH FREDERICK MERIWETHER,

Plaintiff-Appellant,

versus

GUY WILLIAMS, Sheriff;
MONTGOMERY COUNTY TEXAS,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
CA-H-95-2609)

_____

October 10, 1996

Before KING and HIGGINBOTHAM, Circuit Judges, and KAZEN[*], District
Judge.

PER CURIAM[**]:

Joseph Frederick Meriwether has sued Montgomery County, Texas,

and its sheriff in his official capacity, claiming that he was not

released when his time had been served.  The County moved to

dismiss the complaint under Rule 12(b)(6), Federal Rules of Civil

_____

[*]  District Judge of the Southern District of Texas, sitting
by designation.

[**]  Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Procedure. The County also filed affidavits bearing on the facts of the case and the procedures for transferring prisoners from the county jail to the Texas Department of Corrections. The County urged that the complaint be dismissed because Meriwether, although housed in the Montgomery County Jail, was under Texas law a TDC prisoner. The district court accepted this assertion and dismissed the complaint, observing that constitutional claims could not be supported by mere negligence. While that proposition is true, it became clear at oral argument that neither side is claiming negligence in this case. See Hare v. City of Corinth, 74 F.3d 633 (5th Cir. 1996) (en banc).

Meriwether points to language in the state court judgment that he was remanded to jail "until the Sheriff can obey the direction of this sentence." He maintains that this language placed a legal duty on the sheriff to determine whether Meriwether had already completed serving his sentence. He argues that the sheriff could have obtained the necessary information from TDC by a simple phone call. Indeed, he maintains that TDC would refuse to accept a prisoner such as Meriwether who had already served his full sentence.

Montgomery County responds by pointing to language in the judgment ordering the sheriff to deliver Meriwether "immediately to the Director of the Texas Department of Criminal Justice, Institutional Division..." The County insists that it had no option under the law but to hold Meriwether for delivery to TDC

until told otherwise, either by TDC or by a court order. The County also insists that it could not have obtained the information about Meriwether's service time from a telephone call but could only wait for the "pen pack" to arrive from TDC. While conceding that this procedure could cause a person like Meriwether to be confined beyond his proper release date, the County contends that this result is the responsibility of the State of Texas and not the County.

On remand the parties should develop on the record for purposes of summary judgment or trial, as appropriate: (1) the practices and rules for transferring prisoners; (2) the specific facts surrounding the detention of Meriwether and his potential release; and (3) the parties should then brief fully for the district court the applicable law, including the respective obligations of the county jail and state prison.

In short, the district court should decide by appropriate procedures what the policy of Montgomery County was at the relevant time and what caused the delay in releasing Meriwether. Finally, the court must determine the legality of any County policy found to have caused the delayed release.

In sum, this case needs further development at the trial court.

REVERSED and REMANDED.